THE GREENEVILLE & PAINT ROCK NARROW GAUGE R.R. CO. *v.* ANDREW JOHNSON.

1. CORPORATION. *Subscription for stock to a company by one name, and suit brought in a different name.* The defendant subscribed for stock in the "Greeneville and Paint Rock Tram Road Company." After the subscription was made, on application to the chancery court the name was changed to "Greeneville, Paint Rock and Narrow Gauge Railroad Company," and it was insisted that the action could not be maintained, because the proceedings changing the name did not pursue the statute, and were therefore void. The court hold that the defendant having dealt with the company, and recognized it as a corporation, so far as this case is concerned, the corporate character of the company was not in issue.

2. SAME. *Powers under charter granted by chancery courts.* Corporate charters granted by the chancery courts can have no further powers than are conferred by the general statute upon this subject, and the action of the court in such case only furnishes evidence of organization.

3. SUBSCRIPTION FOR STOCK. *Conditions of, not broken by a change of terminus.* The written contract for subscription for stock did not contain a stipulation against a change of *termini*, and there was a change of terminus. Held, that this did not invalidate the contract.

Railroad *v.* Johnson.

4. VERDICT. *No evidence to support it.* Where there is no evidence to support a verdict, the Supreme Court will set it aside and award a new trial.

Question reserved as to the effect on the charter of the corporation upon a proceeding under a *quo warranto* by the State.

### FROM GREENE.

Appeal from the Circuit Court. E. E. GILLEN-WATERS, Judge.

JOHN B. BRABSON for plaintiff.

H. H. INGERSOLL for defendant.

MCFARLAND, J., delivered the opinion of the court.

The plaintiff, claiming to be a corporation, brought this action to recover of the defendant upon his subscription to the capital stock of the company. The verdict and judgment were for the defendant, a new trial was refused, and an appeal in error prosecuted by the plaintiff.

The record of the chancery court was introduced, showing a proceeding to organize the company under the general statutes for that purpose, first under the name of the "Greeneville & Paint Rock Tram Road Company," but afterward changed to the "Greeneville & Paint Rock Narrow Gauge Railroad Company." The general purposes are shown to be to build and run and use a tram or narrow gauge road from the town of Greeneville on the most direct and eligible route via. the works of the "Greene County Iron

Company, and the New York and East Tennessee Iron Company," in said county, to some point on the Cincinnati, Cumberland Gap and Charleston railroad, between the town of Morristown and the North Carolina line.

In other portions of the record the said iron establishments are indicated as the southern terminus of the road, or such point beyond this as might be desired or determined in a supplemental proceeding.

The written contract of subscription is as follows: "Subscription for the stock of the Greeneville and Paint Rock Tram Road Company. We, the undersigned, hereby subscribe and agree to pay for the amounts of stock in said company set opposite each of our names respectively, upon the following conditions, viz: The road is to be a narrow gauge road. It is to be laid with an iron rail, and operated by steam. Only ten per cent. of the subscription shall be called in by the directors at any one time, and thirty days' notice of each assessment shall be given by notice published in a Greeneville newspaper."

It will be seen that the subscription recognizes the original name of the corporation. It has been argued that the proceeding changing the name to the style in which the suit is brought was not valid, as the statute was not pursued.

The circuit judge charged the jury that this question does not arise in this proceeding; that the corporate character of the plaintiff must be taken as established, so far as this action is concerned.

It appearing that the company has in fact been

organized by the permission and direction of the chancery court, that they are assuming to act as a corporation, and that the defendant has dealt with it as such, we are of opinion that for the purposes of this case the corporate character will be taken as established, whatever might be the result of a proceeding in the nature of a *quo warranto* upon the part of the State.    So we held in a recent case.

With regard to the so-called charter spread upon the record of the chancery court, we need only say, as we have in several recent cases, that the powers and privileges conferred are by virtue of the general statutes upon the subject, and that the action of the court could only effect and be evidence of the organization.

The circuit judge instructed the jury that "if the stock taken by the defendant was sold by a company organized, or professed to be organized, to build a particular road specified in the contract of sale and purchase, and the charter under which the plaintiff is acting and suing provides for the building of a different road, . . . then the defendant is not bound to pay," etc.    It was upon this proposition, as we suppose, the jury found for the defendant.    The question is, does the evidence support the verdict?    We do not understand the written contract we have set forth to designate, as is assumed, that the road should be built from Greeneville to Paint Rock.

The company is styled the "Greeneville and Paint Rock Tram Road Co.," but this is simply the name, and does not purport to give the *termini.*    The Mem-

phis & Charleston railroad does not reach Charleston by several hundred miles. Reference must, of course, be back to the proceedings under which the corporation was organized to ascertain the *termini* route, etc.; nor do we hold that under this charter this road might not be extended to Paint Rock.

The conditions in the written contract are that the road shall be laid with iron rails, operated by steam, and only ten per cent. of the stock called for at one time. No other are specified, none other are in proof. It is true the defendant says that he understood at the time of making the subscription that the road was to run to Paint Rock, but he does not profess to have made this a condition of his subscription. He had notice that the charter was granted or applied for, and must be supposed to have knowledge of the general nature and objects of the enterprise.

We see nothing in the charter or elsewhere in the record to indicate that the road proposed to be built was different from the one for which the subscription was made, or in conflict with the written conditions. There is nothing to show that the road may not be laid with iron and operated by steam, and the proof shows the calls and notice to have been in accordance with the stipulations.

We are of opinion that there is no sufficient evidence to sustain the verdict. Let the judgment be reversed and a new trial be awarded.